UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY L. KELLEY,

    Plaintiff,

v.                                                       CASE NO. 8:14-cv-2423-T-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for period of disability, disability insurance benefits, and supplemental security income.  Plaintiff alleges he became disabled on February 1, 2008.  (Tr. 221.)  Plaintiff's applications were denied initially and on reconsideration.  A hearing was held before the assigned Administrative Law Judge ("ALJ") on March 21, 2013, at which Plaintiff was represented by a non-attorney representative.  (Tr. 34-73.)  The ALJ found Plaintiff not disabled through May 31, 2013, the date of the decision.  (Tr. 12-26.)

      Plaintiff is appealing the Commissioner's decision that he was not disabled during the relevant time period.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the

1

reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **AFFIRMED**.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.     Discussion

Plaintiff argues one general point on appeal: that the ALJ erred by failing to adequately assess Plaintiff's standing and walking limitations.  More specifically, Plaintiff argues that the ALJ failed to "be specific as to the frequency of [Plaintiff's] need to alternate sitting and standing."  (Doc. 20 at 4.)  Further, Plaintiff contends that the ALJ failed to determine whether a standing and walking limitation significantly reduces Plaintiff's capacity for an exertional level and, in any event, the medical evidence of record shows a significant reduction in his ability to perform light work.  The Plaintiff asserts, therefore, that the ALJ should have concluded that Plaintiff was disabled.  Defendant responds that the ALJ properly assessed Plaintiff's standing and walking limitations and that assessment is supported by substantial evidence.

### A.     The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including degenerative joint disease, arthritis, osteoarthritis, sciatica, asthma, chronic obstructive pulmonary disease, history of illiteracy, and dysthymia.  (Tr. 14.)  The ALJ then determined at Step Three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (Tr. 16-18.)

At Step Four, the ALJ determined, in relevant part, that Plaintiff had the RFC to "perform light work . . . except that the [Plaintiff] can stand, sit, or walk as

necessary for an eight-hour workday." (Tr. 18.)

With the benefit of testimony from Vocational Expert George Starosta (the "VE"), the ALJ determined that there are other jobs existing in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC, such as laundry hand folder, remnant sorter, and garment packer. (Tr. 25.) The ALJ specifically stated in his decision that "although the sit/stand option is not addressed in the Dictionary of Occupational Titles, the undersigned adopts [the VE's] testimony since it is based on his knowledge and experience." (Tr. 26.) As such, the ALJ found that Plaintiff was not disabled. (*Id.*)

**B.   The RFC Determination is Supported by Substantial Evidence**

Plaintiff contends that the ALJ erred in evaluating his standing and walking limitations. The ALJ determined that Plaintiff could perform light work, "except the [Plaintiff] can stand, sit, or walk as necessary for an eight-hour day." (Tr. 18.) Plaintiff takes issue with the "as necessary" language contained within the limitation and asserts that the ALJ committed error by failing to provide specificity as to the standing and walking limitations. Plaintiff insists that this failure violates SSR 96-9p's requirement that "[t]he RFC assessment [] be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p, 1996 WL 374185 at *7. Plaintiff further asserts that the ALJ's failure to specify as to Plaintiff's standing and walking limitations was "outcome determinative."

The ALJ did not violate SSR 96-9p by failing to provide more specificity with respect to Plaintiff's standing and walking limitations. The Eleventh Circuit has found that "what's typically called a sit/stand option" creates "the reasonable implication . . . that the sit/stand option would be at [the plaintiff's] own volition." *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005); *see also Orton v. Astrue*, Case No.: 8:10-cv-2295-T-TGW, 2011 WL 6257083 at *4 (M.D. Fla. Dec. 14, 2011) ("Thus, 'at will' is merely superfluous language. A 'sit/stand option' allows a plaintiff to change positions of his 'own volition.'"). In light of this, and based on a common sense reading of the ALJ's RFC finding that Plaintiff "can stand, sit, or walk *as necessary*," as well as the hypothetical questions posed to the VE, it is clear here that the ALJ contemplated a sit/stand option that would be at Plaintiff's own volition. *See, e.g., Foster v. Astrue*, Case No. 3:08-cv-960-J-12HTS, 2009 WL 4757239 at *2 (M.D. Fla. Dec. 10, 2009) ("[A] 'common sense reading of the ALJ's RFC finding and hypothetical question to the [VE] is that the ALJ contemplated a sit/stand option at will.'") (citations omitted).[1] No further specificity was required by the ALJ.

Plaintiff further contends that SSR 83-12 requires an ALJ "to determine whether a standing and walking limitation 'significantly reduces' a claimant's

---

[1] Notably, the VE did not ask the ALJ to clarify the frequency with which Plaintiff needed to sit or stand, indicating that he did not require further information. *See, e.g., Foster*, 2009 WL 4757239 at *2 ("Defendant also correctly notes the [VE] did not ask the ALJ to clarify the frequency with which Plaintiff needed to sit or stand, indicating that the [VE] did not need further information.") (internal quotations omitted).

capacity for an exertional level and, if so, directs the application of the *lower* exertional level if it results in a finding of 'disabled.'" (Doc. 20 at 4-5) (emphasis in original.)  Plaintiff contends that the ALJ failed to comply with SSR 83-12 in this regard, which would have mandated a "sedentary" exertional level instead of a "light" exertional level.

Plaintiff's argument is unpersuasive as it "gives short shrift to the ALJ's use of a testifying [VE] after he determined the Plaintiff's [RFC] fell between the analytical structure of the two grid rules, as outlined in [SSR] 83-12." *Warren v. Astrue*, Case No. 6:09-cv-417, 2011 WL 3444268 at *1 (E.D. Tex. Aug. 5, 2011). SSR 83-12 recognizes that "[i]n some instances, an individual can do a little more or less than the exertion specified for a particular range of work." SSR 83-12, 1983 WL 31253 at *1. The Ruling further notes that "[w]here an individual's exertional RFC does not coincide with the definition of any one of the ranges of work as defined in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a significant number of jobs in terms of rules directing a conclusion as to disability." *Id.* at *2. In that regard, when "the exertional level falls between two rules which direct opposite conclusions, i.e., 'Not disabled' at the higher exertional level and 'Disabled' at the lower exertional level," the Ruling provides that the ALJ consider the following:

> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a

>   finding of "Not disabled."
>
>   b. On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
>
>   c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS[2] assistance is advisable for these types of cases.

*Id.* at *2-3.

Contrary to Plaintiff's contention, the ALJ complied with SSR 83-12 in this instance. Courts within the Eleventh Circuit and elsewhere that have considered SSR 83-12 in this light have ruled that an ALJ could properly find a claimant capable of performing a limited range of work within a given exertional category and elicit VE testimony to determine whether there are jobs that the claimant can still perform. *See, e.g., Heppell-Libsnasky v. Comm'r of Soc. Sec.*, 170 F. App'x 693, 699 n.5 (11th Cir. 2006) ("In this case, the VE clarified that the jobs she identified, although not professional or managerial in nature, did provide for a sit/stand option. Accordingly, the ALJ's hypothetical to the VE was proper and the VE testimony constituted substantial evidence to support the Commissioner's decision."); *Bush v. Colvin*, Case No. 3:13-cv-691-J-JRK, 2014 WL 1456951 at

---

[2] "[T]he term vocational specialist (VS) describes all vocational resource personnel." *Id.* at 2.

*4, n.4 (M.D. Fla. Apr. 14, 2014) ("SSR 83-12 does not endeavor to decide there can *never* exist significant light jobs with a sit/stand option; rather, it directs an ALJ to obtain VE testimony in such cases.  Here, the ALJ did just that.") (internal quotation marks and citations omitted) (emphasis in original); *Shields v. Colvin*, Case No. 7:12-cv-927-AKK, 2014 WL 2434346 at *7 (N.D. Ala. May 29, 2014) (concluding that the ALJ did not violate SSR 83-12 and properly determined the plaintiff's RFC by "rel[ying] on [the VE's testimony as to her] experience as a vocational rehabilitation counselor to determine that a sit/stand option would not preclude [the plaintiff] from working") (internal quotation marks omitted); *Faust v. Astrue*, Case No. 3:07-cv-136(CDL), 2008 WL 5000101 at *4 (M.D. Ga. Nov. 20 2008) ("Having had a VE testify as to what, if any, jobs [the plaintiff] was capable of performing, due to his need to alternate between sitting and standing, the ALJ properly followed the guidelines as set out in SSR 83-12.  Thus, no error is found as to this claim."); *Sims v. Apfel*, Case No. CA 00-0268-P-C, 2001 WL 303295 at *2 (S.D. Ala. Mar. 14, 2001) ("Plaintiff's SSR 83-12 argument also must fail since this ruling provides that '[i]n cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.'  This is exactly what happened in this case . . ."); *see also Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83-12 directs that when a [plaintiff] falls between two grids, consultation with a VE is appropriate"); *Martin v. Barnhart*, 240 F. App'x 941, 946 (3d Cir. 2007) ("SSR 83-12 does not automatically dictate a finding of

disability where an individual is limited by a sit/stand option.  Rather, SSR 83-12 indicates that a VE should be consulted, and here, one was"); *Gravel v. Barnhart*, 360 F. Supp.2d 442, 448 (N.D.N.Y. 2005) ("SSR 83-12 does not mandate a finding of disabled. It does not require the ALJ to determine whether a [plaintiff's] occupational base is more closely related to light or sedentary work capacity.  Similarly, the Ruling cannot be interpreted to suggest that a finding of inability to do the full range of light work requires a conclusion that a person is capable only of sedentary work.  Instead, it states that a significantly reduced exertional capacity *could* indicate little more than the occupational base for the lower rule and could justify a finding of Disabled.  As such, this Ruling merely provides guidance to the ALJ on how to proceed.") (internal quotation marks and citations omitted) (emphasis in original).

Here, the ALJ determined that Plaintiff could perform light work with limitations, including a sit/stand option.  "To determine the extent to which the[] limitations erode the unskilled light occupational base," the ALJ did obtain a VE's testimony as to the availability of jobs and preserved that testimony in the record. (Tr. 25, 57-64.)  Based upon his "knowledge and experience," the VE testified that Plaintiff could perform work as a laundry hand folder, remnant sorter, or garment packer.  (Tr. 57-64, 67.)  The ALJ adopted the VE's testimony as it was based upon his knowledge and experience.  (Tr. 26.)  Thus, the ALJ complied with SSR 83-12.

Plaintiff re-positions his argument to assert that the ALJ failed to properly evaluate the medical opinion evidence. Specifically, Plaintiff contends that the ALJ committed reversible error by failing to assign weight to the opinions of consultative examiner Lapado Shyngle, M.D. The undersigned disagrees.

An ALJ is "required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). Absent such a statement, a reviewing court cannot determine whether the ultimate decision is supported by substantial evidence. *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985) (per curiam) (citation omitted). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered [his] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation omitted) (second alteration in original).

Although the ALJ did not explicitly state what weight she accorded to Dr. Shyngle's opinions, it is clear that the ALJ considered and discussed the opinions in making her RFC determination. It is also clear that Dr. Shyngle's opinions are not inconsistent with the RFC determination and that the ultimate RFC determination is supported by substantial evidence. Thus, any error by the ALJ in this regard is harmless.

The ALJ considered and discussed Dr. Shyngle's February 15, 2011 consultative examination. (Tr. 19-20.) The ALJ noted Dr. Shyngle's report that Plaintiff "was able to walk into the exam room and had a moderate limp favoring his right leg." (*Id.*) The ALJ noted that Plaintiff had normal straight leg testing. (Tr. 20, 315.) The ALJ further noted that diagnostic imaging revealed no fracture, dislocation, or acute bone abnormality with only mild degenerative changes in the lumbar spine, as well as no significant limitations with respect to Plaintiff's hip and right knee. (Tr. 20, 321-22.) Ultimately, Dr. Shyngle opined that Plaintiff had "moderate to marked restrictions for climbing, squatting, kneeling, and *prolonged* standing or walking." (Tr. 316 (emphasis added).) Dr. Shyngle's opinions are not inconsistent with the ultimate RFC determination that restricted Plaintiff's ability to climb, squat, and kneel, and allowed Plaintiff to "sit, stand, or walk as necessary." (Tr. 18.) In any event, Plaintiff made no effort to explain how Dr. Shyngle's opinions conflict with the ALJ's determination that he can perform a reduced range of light work. *See, e.g., Robbins v. Colvin*, Case No. 3:13-cv-1123-J-34PDB, 2014 WL 6610143 at *9 (M.D. Fla. Nov. 19, 2014) ("[Plaintiff] makes no effort to explain how [the consultative examining physician's] opinion conflicts with the ALJ's determination that he can perform a reduced range of light work."). Any error by the ALJ in not discussing the weight he accorded to Dr. Shyngle's opinions is harmless. *Cf. Newberry v. Comm'r of Soc. Sec.*, 572 F. App'x 671, 672 (11th Cir. 2014) (holding that "even if the ALJ erroneously failed to explicitly

11

assign weight to and discuss every aspect of [the doctor's] opinion, this error was harmless because it is still clear that the ALJ's rejection of the portions of [the doctor's] opinion that are inconsistent with the ALJ's ultimate conclusion was based on substantial evidence") (citation omitted).

The ALJ's ultimate RFC determination is supported by substantial evidence. The ALJ noted the May and October 2012 mild physical examinations and explained that they showed no bony tenderness, joint effusion, enlargement, or abnormal motion. (Tr. 20, 362, 395.) The ALJ further noted that a December 2012 showed a lack of deformities and a normal range of motion in Plaintiff's extremities. (Tr. 20, 397.) The ALJ pointed out that while multiple physicians have seen Plaintiff for his joint pain, Plaintiff has undergone only routine treatment, including knee braces and medication. (Tr. 20, 46.)

Finally, the ALJ considered the expert opinion of state agency medical consultant Shakra Junejo, M.D. that Plaintiff could perform a reduced range of light work, including the ability to stand, walk, and sit for six (6) hours in an eight-hour day. (Tr. 121-23.) The ALJ accorded Dr. Junejo's opinion some weight and found Plaintiff to have greater standing and walking limitations based, in part, on the fact that Dr. Junejo did not physically examine Plaintiff. The ALJ's assessment of Plaintiff's ability to sit, stand, and walk is based on substantial evidence.

Plaintiff argues in passing that the ALJ should have found him fully credible

because he had a 30-year continuous work history.  However, Plaintiff does not dispute, or even discuss, the ALJ's stated reasons for finding his testimony not entirely credible.  Plaintiff merely challenges the ALJ's evaluation of his standing and walking limitations.  Because Plaintiff did not expressly challenge the ALJ's findings in this regard and failed to elaborate on his claim, the undersigned finds that Plaintiff waived any argument with respect to credibility.  *See, e.g., Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (noting that the plaintiff waived arguments, including the ALJ's credibility determination, by not expressly challenging the ALJ's findings); *Ehrisman v. Astrue*, 377 F. App'x 917, 920 (11th Cir. 2010) (finding that the plaintiff waived argument after offering no discussion other than a conclusory statement with no supporting legal authority); *see also N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.")

### III.  Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the undersigned affirms the ALJ's decision that

Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 17, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record